**GRANADA HOSPITAL GROUP, INC., Plaintiff,**

v.

**The SAINT CLOUD HOSPITAL, Defendant.**

**Civ. No. 4–90–215.**

United States District Court, D. Minnesota, Fourth Division.

May 7, 1991.

---

Thomas Steven Darling and Nancy J. Miller, Gray Plant Mooty Mooty & Bennett, P.A., Minneapolis, Minn., for plaintiff.

Kevin J. Hughes and Tracy F. Bowe, Hughes Thoreen Mathews & Knapp, St. Cloud, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Granada Hospital Group, Inc. (Granada) brought this action against defendant The Saint Cloud Hospital (Hospital) for breach of contract. Diversity jurisdiction is alleged. The parties dispute the meaning of the terms in their contract regarding contract termination. The Hospital counterclaimed for breach of contract concerning an unrelated matter in the same contract. Before the court are the cross-motions of the parties for summary judgment on Granada's complaint, and the motion of Granada for summary judgment dismissing the Hospital's counterclaim.

I.

The material facts are undisputed. On August 6, 1980, the Hospital entered into a contract for the provision of television rental services with Wells National Services Corporation, predecessor in interest to Granada. The term of the contract and provisions for termination were spelled out as follows:

> The term of this agreement shall be for 84 months, commencing the first day following the completion of the installation of all of the above mentioned equipment and the availability of all wired rooms to Wells for the rental program, and shall remain in effect for a succeeding thirty-six month period unless and until terminated by either party in writing at least one hundred eighty days prior to the expiration of the initial 84 month term. The starting date of the term will be confirmed by a completion certificate furnished by Wells and executed by the Hospital.

Granada exh. 1, para. III.A. The installation completion form indicates that the installation of the equipment was completed on December 1, 1981; the 84 month contract began on December 2, 1981.

On May 27, 1982, the parties amended this contract, whereby Granada agreed to install and maintain additional equipment in the Hospital, and the Hospital agreed to an extension of the contract by means of the following language: "the Hospital agrees that the Contract Period shall be extended one year." *Id.*, Addendum.

On February 14, 1989, the Hospital provided written notice to Granada that it was terminating the contract effective December 1, 1989.

Although the Hospital has not formally withdrawn or conceded its counterclaim, it has provided no evidence or arguments in opposition to Granada's motion for summary judgment dismissing the counterclaim. At oral argument, counsel for the Hospital indicated that the Hospital would abandon the counterclaim if it were grant-

ed summary judgment dismissing the complaint.

## II.

Both sides argue that the contract is unambiguous and summary judgment should be granted in their favor, although both sides also argue in the alternative that ambiguities preclude summary judgment for the other side.

The Hospital contends that under the plain language of the contract it provided sufficient notice for termination. According to the Hospital, the addendum extended the initial period of the contract for one year, and notice of termination had to be provided within 180 days of the initial period as extended. It provided notice nine and one-half months before the conclusion of this initial period as extended, well before the 180 days required under the terms of the contract. The Hospital argues that this is a reasonable interpretation of the 180 day notice requirement, which was established to provide Granada with an opportunity to remove and re-rent or salvage its equipment before termination. The Hospital also contends that even if summary judgment were granted to Granada on breach of contract, damages would still be at issue because Granada has provided insufficient evidence to support its damage calculations.

Granada argues that it deserves summary judgment under the plain language of the contract because notice of termination must be provided "at least 180 days prior to the expiration of the initial 84-month term" and the Hospital did not provide such notice. Granada contends that the addendum did not affect this notice requirement, so that notice was still required at least 180 days prior to the 84 month original contract period, that is, one year and 180 days prior to the end of the contract period as amended. Granada notes that an administrative intern at the Hospital, Scott Thoreson, wrote an internal memorandum in November 1988 stating his belief that the Hospital had already missed its opportunity to provide 180 day notice before the end of the initial 84 month term.

Granada exh. 6. Granada argues that the Chief Financial Officer of the Hospital, John Seckinger, who negotiated the contract for the Hospital, is a sophisticated and experienced businessman who could have requested a modification of the notice clause when he negotiated the addendum, but failed to do so. Finally, Granada argues that the affidavit of the Hospital's expert challenging Granada's damage calculations should be stricken because it was untimely filed and the expert was not previously identified; Granada also contends that its damage evidence is adequate.

In opposition to Granada's motion for summary judgment, the Hospital argues that insofar as the contract is ambiguous, the ambiguity must be resolved against the drafter, Granada. The Hospital also argues that the contract should be interpreted against Granada because its documents show it knew of the potential ambiguity and failed to clarify it, as part of strategy of confusing the notice provision and waiting for the contract to slip into automatic renewal before the Hospital realized what happened. Based on a series of similar contracts between Granada and other hospitals, the Hospital contends that Granada should be equitably estopped from asserting the protection of the present contract because it knowingly encouraged hospitals to misunderstand the notice provision in relation to various addenda secured by Granada.

In reply, Granada argues that it made no misrepresentations, that the Hospital knew or should have known the plain meaning of the contract's notice provision, and that the documents from other contracts with other hospitals are not relevant here.

## III.

On a motion for summary judgment, all material facts and inferences are construed in favor of the non-moving party. *Agri-Stor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). To defeat a motion for summary judgment, however, the non-moving party must show through specific evidence that there are material facts in dispute creating a genuine issue for trial; it may

not rest only upon the allegations or denials of its pleadings. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The motion involves interpretation of a contract, a task which is generally for the court. *Realex Chem. Corp. v. S.C. Johnson & Son, Inc.,* 849 F.2d 299, 302 (8th Cir.1988).

This matter is ripe for summary judgment as a matter of contract interpretation. Each side cites one unpublished case where a federal district court held in its favor on similar contracts. Granada points to *Wells National Services Corp. v. Carroll City/County Hospital Authority,* No. C85–01N (N.D.Ga. Dec. 13, 1985), which involved an identical notice provision and two addenda which extended the total term of the contract by 22 months. The *Carroll City* court held that the contract unambiguously provided that notice must be given at least 180 days before the end of the initial 84 month term, and that the extensions by addenda did not affect this notice requirement. The Hospital points to *Wells National Services Corp. v. The Cottage Hospital Corp.,* No. 86–CV–70850–DT (E.D.Mich.1986), *aff'd,* 830 F.2d 194 (6th Cir.1987) (unpublished opinion), which involved an identical notice provision and two addenda which extended the total term of the contract by 12 months. The *Cottage Hospital* court held that the contract was unambiguous and that the only reasonable reading of the contract was that the addenda affected the notice provision so that notice was required at least 180 days before the end of the extended contract period.

The *Cottage Hospital* decision is more persuasive and closer to the facts of the present case. *Carroll City* can be distinguished based on differing language in the addenda—the addendum in *Carroll City* stated that "[a]ll other terms and conditions of the above described agreements shall remain the same," a provision absent from the addendum in the present case. Here the addendum extended the initial term of the contract and with that extension changed the due date for notice of termination.

This conclusion is the only reasonable interpretation of the contract consistent with its language. If the parties had extended the contract by five years instead of by one year, under Granada's interpretation the contract would require notice five years and 180 days before termination, an interpretation which is not reasonable and could not have been the intent of the parties. The plain language of the contract, paragraph III.A, shows that the word "initial" used with regard to the 84–month term is used to distinguish that term from the succeeding 36–month renewal period. When the parties extended the initial term from 84 to 96 months, this extension affected the due date for notice of termination by keeping the due date at 180 days before the expiration of the initial contract period, now at 96 months instead of 84 months. Granada's argument that the addendum extension changed the initial contract period from 84 to 96 months, but left the notice due date at 180 days before the original 84 month term, does not accord with the use of language in the paragraph. Granada would have this court read into the paragraph three contract terms: a notice term of 84 months, an actual term (via addendum) of 96 months, and a succeeding renewal term of 36 months. But the clear language of the contract provides for only two contract terms: an initial term stated in paragraph III.A as 84 months but amended to be 96 months, and a succeeding renewal term of 36 months. The notice requirement applies to the expiration of the initial term, here 96 months. It is undisputed that the Hospital met this notice requirement, and it should be granted summary judgment dismissing the complaint.

In its counterclaim, the Hospital seeks to recover rental payments of about $7000 that it alleges are due from Granada. Granada has moved for summary judgment dismissing the counterclaim based on the plain language of its contract with the Hospital. The Hospital has not responded to this motion, and at oral argument counsel for the Hospital stated that it would "abandon" the counterclaim if it were granted summary judgment dismissing Granada's complaint. The Hospital has not met its

burden of production under *Celotex, supra,* and its counterclaim should be dismissed.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. The motion for summary judgment on its complaint by plaintiff Granada Hospital Group, Inc. is denied.

2. The motion for summary judgment on the complaint by defendant The Saint Cloud Hospital is granted, and the complaint is dismissed.

3. The motion for summary judgment by plaintiff Granada Hospital Group, Inc. on the counterclaim of The Saint Cloud Hospital is granted, and the counterclaim is dismissed.

LET JUDGMENT BE ENTERED ACCORDINGLY.